# Ross et al. *against* Soles.

In a suit before a justice of the peace, judgment was rendered for plaintiff for 40 dollars, from which the defendant appealed to the common pleas, where the cause was arbitrated, and an award for the defendant, from which the plaintiff appealed. The cause was afterwards tried by jury, and a verdict and judgment for the plaintiff for 17 dollars, the defendant having other evidence than was given to the justice. *Held:* That the defendants were liable to pay the costs which accrued before the justice, and to refund to the plaintiff the costs which he had paid on the appeal from the award of arbitrators, and that each party should pay his own costs which accrued subsequently to the award.

ERROR to the common pleas of *Alleghany* county.

This was a question of costs, and the facts which gave rise to it are fully stated in the opinion of the court.

*Burke,* for plaintiff in error.
*Fetterman,* contra.

The opinion of the court was delivered by

KENNEDY, J.—The defendant in error sued the plaintiffs in error before a justice of the peace of Alleghany county, who gave judgment against them for 40 dollars debt, and four dollars and fifty cents costs. From this judgment, the plaintiffs in error appealed to the court of common pleas, where the cause was referred, under a rule entered by the plaintiffs in error, to arbitrators chosen agreeably to the provisions of the act regulating arbitrations passed in 1810. The arbitrators made an award in favour of the plaintiffs in error, and that the defendant in error pay the costs of the suit. The defendant in error appealed from this award to the court, where the cause was tried by a jury, and a verdict given in his favour for 17 dollars, upon which the court below adjudged that each party should pay his own costs up to the time of the appeal taken from the award of the arbitrators, but that the defendant in error, who was the plaintiff in the court below, should recover back from the plaintiffs in error their bill of costs, which he paid, for the purpose of tak-

ing his appeal from the award of the arbitrators, and further, that he likewise recover all his costs incurred subsequently to that appeal.

This case, I think, falls clearly within one of the provisions contained in the fourth section of the act of the 20th of March 1810, which is in these words, " but on the *reversal* or *abatement* of the amount of a judgment on an appeal, the defendant, if the appellant, shall be allowed his daily pay, counsel fee and costs, only in case he produces no evidence before the court other than that which he exhibited before the justice or referees." Now in this case the plaintiffs in error were the defendants before the justice, and became the appellants from his judgment to the court of common pleas; where finally, after producing other evidence than that which they exhibited before the justice, they obtained an abatement of the amount of the judgment of the justice. But then they gave new testimony which, according to the express provision of the act already referred to, deprived them of their right to recover costs. The payment and recovery of costs in this case must be regulated and governed by the act, a part of the fourth section of which has been recited, and not by the act regulating arbitrations of the same date. This suit was commenced before a justice of the peace, under the authority and provisions of the first of these acts; and wherever it *expressly* provides for and directs by which of the parties the costs shall be paid, or in what proportion each shall contribute to the payment of them, and which of them shall recover his costs or any part of them from the other, upon the final determination of the case, after an appeal taken by either party to the court of common pleas, it must be regarded and adopted as the rule of decision; notwithstanding there may have been an intermediate decision of the cause by arbitrators chosen under the latter act. It is possible, however, that in some cases of appeals from the judgments of justices of the peace, although none occurs to my mind now, that this latter act may be permitted to come in for the purpose of supplying an entire omission of the former as to costs.

If the defendants below had not given other evidence in court than that which was exhibited before the justice, they would have been entitled to have recovered costs, inasmuch as they succeeded in their appeal finally, by obtaining an abatement of the amount of the justice's judgment against them : but having given new evidence on the appeal, their right to recover costs is thereby gone, and each party in such case, according to the first of these two acts, and the decisions of this court upon it, must pay his own costs, from the time of the appeal from the judgment of the justice of the peace to the final end and determination of the suit.

The plaintiffs in error must pay the costs upon the judgment that was rendered against them by the justice; but each party must pay his own part of all the subsequent accruing costs in the suit. The plaintiffs in error entered the rule for the arbitration in the court below, upon which the arbitrators were appointed, who reported

[Ross et al. v. Soles.]

against the defendant in error, which caused him to appeal; and before he could do that, he was compelled to pay the bill of costs of the plaintiffs in error.   This he is entitled to recover back, otherwise it would be making him pay a part of the costs of the plaintiffs in error, which accrued after the appeal from the justice's judgment, instead of settling the matter upon the principle that when all shall have been paid, each party shall have paid his own costs and no more, which accrued subsequently to the appeal from the justice. It is perfectly just that the plaintiffs in error should refund their bill of costs to the defendant in error, who was compelled to pay them that he might get an appeal, in order to relieve himself against the award of the arbitrators, which was found afterwards to be unjust, and therefore was reversed, because the plaintiffs in error were the cause of this award.

This case falls directly within the principle decided by this court in *Honiter* v. *Brown*, 1 *Penn. Rep.* 477, 478, where *Honiter* was sued by *Brown* before a justice of the peace, who gave a judgment against *Honiter* for 80 dollars, from which he appealed to the court of common pleas, where the cause was referred to arbitrators, under the act of 1810 before mentioned.   The arbitrators reported in favour of *Brown* 90 dollars, from which *Honiter* appealed a second time; and upon a trial afterwards in court, where he gave new evidence, not exhibited before the justice, obtained a verdict in his favour, upon which the court below rendered judgment, but decided that he was not entitled to recover back *Brown's* costs, which he was compelled to pay in order to obtain his appeal from the award of the arbitrators: this court reversed the judgment of the court below on this point, and decided that *Honiter* was entitled to recover back the costs of *Brown*, which he had so paid.

The judgment of the court below in this cause is reversed as to costs; and judgment that the plaintiffs in error pay the costs on the judgment of the justice; also that they pay back their bill of costs paid by the defendant in error to obtain his appeal from the award of the arbitrators; and that each party pay his own part of all the remaining costs.