## M'Dowell *against* Glass.

A tender before a justice or referees of a sum strictly equal to the debt sued for, is not equivalent to a tender of judgment; although a tender of the debt and costs might be. The defendant therefore is liable for cost under the act of the 9th of April 1833, although no more than the sum tendered be ultimately found due.

After a verdict and judgment on an appeal from a justice, it is error in the court to receive depositions to prove that a tender had been made before the trial, so as to affect the question of costs.

ERROR to *Cambria* county.

This suit originated before a justice, by whom it was referred to arbitrators, who awarded for the plaintiff 29 dollars 26 cents, with costs, from whose judgment the defendant appealed. The cause was tried in the common pleas, and verdict for 24 dollars 40 cents. And on affidavits filed, the court entered judgment without costs; and granted a rule to show why the plaintiff should not pay the defendant's costs. The depositions established the fact that the defendant, before suit brought, had tendered 24 dollars 50 cents to the plaintiff, and on the trial before the arbitrators the same tender was made. Upon this evidence the court made the rule absolute.

*Magehon,* for plaintiff in error, cited, the act of the 3d of April 1833, *Pam. Laws* 483.

*Canan,* contra.

PER CURIAM.—The court could not go behind the judgment in search of a tender of money such as this; and the point is to be considered as if affidavits to the fact had not been read. The appellant defendant eventually succeeded in reducing the judgment; which, under the previous act, would have stripped it of the incident of costs. But the act of the 9th of April 1833 directs the costs to abide the event of the suit, unless the defendant, when appellant, shall have offered before the justice or referees to give judgment for what he admitted to be due, an offer that was not made here. Granting that the tender of money, being equally beneficial as a judgment for it, is within the equity of the act, yet at least as much must be tendered as is due at the time as debt or costs. But here no more was tendered than a sum strictly equal to the debt; and the plaintiff was not bound to receive it. A judgment would have relieved him from the costs incurred, and would have been preferable. It is the specific tender pointed out by the law, and is not to be dispensed with, if at all, for any thing less favourable. The case is therefore within the enacting clause which directs that the successful party recover costs.

Judgment as to costs reversed, and judgment generally given for the plaintiff.