# Newhouse *against* Kelly.

In an appeal from the judgment of a justice, if, upon the final determination of the cause, the plaintiff recovers a more favourable judgment than that of the justice, he is entitled to recover all his costs, although there was an intermediate award of arbitrators for a greater amount than the verdict and judgment.

ERROR to *Westmoreland* county.

Mary Newhouse against David Kelly. Appeal from the judgment of a justice of the peace. The plaintiff obtained the justice's judgment for 61 dollars; an award of arbitrators for 94 dollars, and the verdict of the jury and judgment for 80 dollars; for which he issued an execution and for all costs. The court below, on motion, set aside the execution as to the costs which accrued since the award of arbitrators. This was assigned for error.

*Armstrong*, for plaintiff in error, cited 1 *Watts* 43.

*Kuhns*, for defendant in error, cited 2 *Penns. Rep.* 74.

[Newhouse v. Kelly.]

The opinion of the Court was delivered by

KENNEDY, J.—In Ross *v.* Soles, 1 *Watts* 44, it was laid down as a general rule, in regard to the recovery of costs in actions commenced before justices of the peace, under the authority of the act of the 20th of March 1810, and thence brought by appeal into the courts of common pleas, that whenever that act *expressly* provided and directed by which of the parties the costs should be paid, or in what proportion each should contribute to the payment of them; and which of them should recover his costs or any part thereof from the other, upon the final determination of the case by the court, it, and not the act of the same date for regulating arbitrations, must be regarded and adopted as the rule of decision. This rule seems to be applicable here, and under the *express* provision contained in the fourth section of the act, 5 *Smith's Laws* 164, it rules this case. By this section, *inter alia*, it is enacted, that "if the defendant be the appellant, he shall be bound with surety in a sum sufficient to cover the sum in controversy; *all* the costs, counsel fee and daily pay aforesaid; which *he shall be bound to pay* if the judgment of the justice shall be *affirmed by the court;* or if the plaintiff shall *recover more* than the *amount of the judgment of the justice.*" The defendant then being the appellant here, and the plaintiff having recovered more than the amount of the judgment of the justice, it follows, that the plaintiff is entitled to recover his costs down to the final determination of the suit by the court. We therefore think the court below erred in deciding otherwise; and in ordering that all further proceeding by the plaintiff, to collect or enforce the payment of his costs from the defendant, should be stayed. The order of the court, in this respect, is reversed; and the record remitted, that the plaintiff may proceed thereon in the court below, to obtain payment of his costs.

Judgment reversed.