## Lindsey *against* Corah.

Upon an appeal from the judgment of a justice of the peace, if the plaintiff obtain a verdict and judgment in his favour, he is entitled to recover full costs, although the amount finally recovered was not so great, either as the judgment of the justice, or the award of arbitration out of court, from each of which the defendant had appealed.

ERROR to the common pleas of *Susquehanna* county.

David Lindsey against J. W. Corah.    Appeal by defendant from the judgment of a justice, in debt, for 7 dollars 11 cents.    The case was referred out of court to arbitrators, who made an award in favour of the plaintiff for 28 dollars 16 cents, from which the defendant again appealed.    Upon being tried by jury, a verdict and judgment were rendered for the plaintiff for 4 dollars 40 cents, upon which the plaintiff issued an execution for full costs, 76 dollars 31 cents.

On motion, the court set aside the execution, and entered a judgment for the plaintiff without costs, on the ground that the defendant had succeeded in his appeal.

*Lusk*, for plaintiff in error, cited, 15 *Serg. & Rawle* 61; act of 9th April 1833, *Str. Purd.* 596.

*Dimmock*, for defendant in error, cited, 4 *Serg. & Rawle* 196; 2 *Penns. Rep.* 74; 6 *Serg. & Rawle* 299.

The opinion of the Court was delivered by

ROGERS, J.—The defendant appealed from the judgment of a justice of the peace, for 7 dollars 11 cents.    The cause in court was referred, and there was an award for the plaintiff for 28 dollars 16 cents.    From this the defendant again appealed, and on the trial, the plaintiff recovered 4 dollars 40 cents.    This case depends on the construction of the first section of the act of the 9th of April 1833. By that act, the costs of appeals from the judgment of justices and aldermen are made to abide the event of the suit, without regard to the amount recovered, or whether the verdict of the jury may or may not be as or more favourable to the appellant.    The defendant contends that the plaintiff can recover no costs, since the appeal from

[Lindsey v. Corah.]

the award, because he has succeeded in his appeal; and for this relies on cases which are alone applicable when the suit was originally brought in the court of common pleas.   The costs are to be paid by the unsuccessful party, as in other cases, but before it is said they shall abide the event of the suit.   By the use of the words, as in other cases, it is contended that the costs shall be paid as if the suit had been brought in the common pleas.   But this cannot be the proper construction; for if this had been the intention, it would have been easy to say so; and besides, this nullifies the preceding awards, which declare that the costs shall abide the event of the suit.   These words apply to the unsuccessful party, who is directed to pay them, as in other cases.   It is said to be unjust that the defendant who has appealed to rid himself of an unjust award should, nevertheless, be mulcted in costs.   But be this as it may, we have nothing to do with the supposed hardship of this case, as costs are the creature of the statute, and depend upon positive enactment.   Besides, the defendant is himself in fault, as he was indebted, as the event shows, to an amount which he neither paid nor offered to pay.   And further, he has no right to complain because the act provides a means of protection from the consequence.   For if the defendant, either on the trial or before the justice or referees, or before an appeal is taken, offer to give the plaintiff a judgment for the amount which he shall admit to be due, &c., and the plaintiff refuse to accept said offer, then, if the defendant appeal, the plaintiff shall pay all costs which accrue on the appeal, if he shall not, in the event of the suit, recover a greater amount than that for which the defendant offered to give a judgment, &c.   The legislature have clearly indicated that they intended, by the event of the suit, the final determination of the cause; and that that alone should decide the question of costs, unless in those cases where the party brings himself within the exceptions.   As the plaintiff has said he does not wish the judgment reversed, provided he is allowed his costs, it is unnecessary to pass upon the other exceptions.

Judgment reversed as to costs and judgment for the plaintiff for costs, and affirmed as to the residue.