## Boylan *against* Hays.

A certificate of facts within the recollection of a justice, relative to a judgment rendered by him, cannot be used to amend his transcript, which was before imperfect and insufficient to sustain an appeal to the common pleas.

ERROR to the common pleas of *Venango* county.

Sarah Boylan against Samuel Hays and Walter P. Walker.   Appeal from the judgment of a justice.

By the transcript of the justice it appeared that he rendered a judgment in trespass for the defendant for costs, 22 dollars and 36 cents, on the 1st of November 1837, and that the plaintiff entered an appeal. The transcript was filed the 27th November 1837.   It did not appear what was the amount of the plaintiff's claim, nor when the appeal was entered before the justice.   A motion was made by the defendant to strike off the appeal.   After this the plaintiff procured and filed the following certificates of the justice.

" I certify that the plaintiffs' claim in this case was 20 dollars for the price of a cow, and that they produced proof that the property was worth from 13 to 15 dollars in cash.

" Witness my hand this 1st day of December 1837.

"J. G. M'Guire."

" I certify that the appeal in this case was entered the same day judgment was entered and as soon as the judgment was entered.

"J. G. M'Guire."

The court (Eldren, President) permitted the certificates to be filed,

[Boylan v. Hays.]

but did not consider them sufficient to sustain the appeal.   Appeal quashed.

*M'Calmont,* for plaintiff in error, cited 3 *Penn. Rep.* 120 ; 5 *Rawle* 230 ; 16 *Serg. & Rawle* 351.

*Howe,* contra, cited, 12 *Serg. & Rawle* 386 ; 6 *Watts* 277.

PER CURIAM.—It is not pretended that the certificate was an amendment of the transcript as a copy of the docket.   It purported not to be such, but a certificate of facts within the justice's recollection and not entered by him in his minutes; and it would be more proper to call it an alteration of his docket than an amendment of the transcript of it.   It is an alteration however, that he dare not actually make ; for it would be not only against all rule, but exceedingly dangerous to suffer him to add to his docket to suit the varying fortunes of the parties in the contest before the court.   His certificate became not a part of the record ; and for purposes of adjudication, it was worth no more than the written assertion of any other individual.

Judgment affirmed.