## Shuey *against* Bitner.

A defendant who succeeds in his appeal from the judgment of a justice of the peace, is not entitled to recover a counsel fee of four dollars and daily pay for his attendance upon the appeal.

ERROR to the Common Pleas of *Lebanon* county.

Jacob Bitner against Christian Shuey. In this case the defendant appealed from a judgment against him before a justice of the peace, and at the same time appealed from two other judgments against him before the same justice at the suit of other plaintiffs. The three suits, in which there were three different plaintiffs, were marked for trial at the same term. The defendant subpœnaed the same witnesses in the three suits. When the causes were ordered to be tried, the three plaintiffs severally suffered nonsuits. The defendant filed his bill of costs in each case, in each of which he claimed counsel fee $4; for five days' attendance on appeal $2.50; for attendance of the witnesses in each case $7.51; and for mileage in serving subpœnas in each case $1.44. The witnesses attended court five days under a subpœna in each case; but only five days in all. The court disallowed the $4 counsel fee and $2.50 for daily pay, on the ground that the Act of the 9th of April 1833, repealed so much of the Act of 1810, as allows counsel fee and daily pay on appeal from a judgment of a justice of the peace; and were of opinion that pay for the attendance of witnesses in one suit, to be selected by defendant or apportioned at his option, is allowed in one case only, agreeably to the case of *Horner* v. *Harrington*, (6 *Watts* 331); and mileage circular for travelling round once only to serve the subpœnas in the several suits, is allowed in accordance with the decision in the same case.

The defendant excepted to this decision.

[Shuey v. Bitner.]

Error assigned :

The court erred in disallowing the appellant, the defendant below, counsel fee and daily pay.

*Weidman*, for plaintiff in error. By the Act of the 20th of March 1810, sect. 4, in the reversal or abatement on appeal, the defendant, if the appellant, shall be allowed his daily pay, counsel fee and costs, in case he · produces no new evidence before the court. Here the plaintiff suffered a nonsuit, and no evidence was given. 2 *Watts & Serg.* 36 ; 5 *Watts* 508 ; 10 *Watts* 508 ; 4 *Watts* 389.

*G. W. Kline, contra.* Whatever may have been the construction of the Act of 1810, clearly no daily pay or counsel fee is allowed since the Act of 1833. Since that Act, costs are to be paid " as in other cases," which means as in cases originating in court, where no such allowance is made. 7 *Watts* 235.

The opinion of the Court was delivered by

ROGERS, J.—*It seems to have been the practice, in some coun*ties, under the Act of the 20th of March 1810, to charge a counsel fee of $4 in addition to a judgment fee, and 50 cents per day for every day the party attended on the appeal. Without deciding on the propriety of this construction, we are of opinion that since the Act of 1833 there is no foundation for any such practice. The latter Act, which alters and supplies the former, repeals so much as allows a counsel fee and daily pay. This point, we conceive, is virtually decided in *Lindsey* v. *Corah,* (7 *Watts* 235). The counsel fee and daily pay were intended as a penalty on the appellant for taking an unjust appeal, and a compensation to the appellee where the judgment was less favourable — a provision which nowhere appears in the Act of 1833, and which is inconsistent with it. The costs are made to abide the event of the suit without regard to the amount recovered, or whether the judgment may or may not be more favourable to the party entering the appeal.

Judgment affirmed.