## Seibert v. Kline.

A defendant in a suit before a justice of the peace, if he intends to rely on the ground of a tender for the purpose of avoiding the payment of the costs of a subsequent suit, should plead it before the justice, having the money there, and at the same time offering to pay it to the plaintiff; and to bring it into court on his appeal, upon putting in a plea of a tender of the money before suit commenced.

To exempt a defendant from the payment of costs, and to entitle him to recover them from the plaintiff according to the terms of the second proviso of the act of the 9th of April, 1833, where the plaintiff is the successful party, it is necessary that the defendant should have offered, either on the trial of the cause before the justice, or before the appeal was taken, to give the plaintiff a judgment for a sum equal to, or greater than that which the plaintiff, in the event of his suit, recovered; and it is the duty of the justice to enter such offer on the record.

The only evidence of such offer is the record; and it is error, if the court determines whether such offer were made or not, by parol, or other inferior evidence.

If a justice neglect to enter such offer upon his docket, he may be answerable to the defendant for any loss or injury which he may sustain by reason thereof.

By the record of the Court of Common Pleas of Berks County, which was removed to this court by writ of error, it appeared, that Jacob S. Seibert, the plaintiff in error, commenced this action against Jacob Kline, the defendant in error, before a justice of the peace, in which judgment was given by the justice in favour of the plaintiff. The defendant appealed to the Court of Common Pleas.

The proceedings before the justice, as well as all the material facts and circumstances in this case, are fully stated in the opinion of this court.

The following error was assigned:

The court erred in entering judgment on the verdict without costs, since the appeal from the justice; and that the plaintiff should pay the defendant's bill of costs which may have accrued since the appeal from the judgment of the justice. The court ought to have entered judgment on the verdict in favour of the plaintiff with full costs, and ought not to have received parol evidence of what took place before the justice.

*Pearson* and *Smith*, for plaintiff in error, contended, in the first place, that the court had no right to go into this inquiry at all; it was or should have been a matter of record, by express provision of the act of Assembly, and could not be altered or explained by parol.    To this point they cited Purdon's Digest, 1841, p. 644; Coffman *v.* Hampton, 2 Watts & Serg. 377, 387; Shover *v.* Funk, 5 Watts & Serg. 457, 458; Bell *v.* Murphy, 6 Watts & Serg. 50; Boylan *v.* Hays, 7 Watts, 509.

2. If the party could alter or explain it all, it should have been by an early application, as soon as the appeal was entered, to have the transcript amended; and that the defendant's long acquiescence, until after the death of the justice precluded him.    As to the delay and long acquiescence, they cited Cochran *v.* Parker, 6 Serg. & Rawle, 549 and 554; Shank *v.* Warfel, 14 Serg. & Rawle, 205; and Clark *v.* McAnulty, 3 Serg. & Rawle, 369.

They further contended that the entry of the offer on the record was as important as the offer to confess judgment.    To this point they cited Dickenson *v.* Anderson, 4 Wh. 78, 80; McDowell *v.* Glass, 4 Watts, 389; Holman *v.* Fesler, 7 Watts & Serg. 313.

*Strong*, contrà.    On the hearing of a cause before a justice of the peace, can the offer to confess a judgment be proved by parol?    The duty of entering such offer on the record is imposed upon the justice by the act of 9th of April, 1833, Purdon's Digest, 644.    The object of entering the offer, is doubtless to preserve the evidence.    The justice, in the discharge of this duty, acts in a ministerial capacity; he has no discretion.    The act of Assembly does not require the defendant to procure the entry, nor is the fact of entry made in the act a condition.

The neglect of the officer, who is not the agent of the defendant, cannot prejudice him.    Defendant cannot procure it to be done.    He could not compel the justice to make the entry.    Defendant did all he could do; he offered to confess a judgment under the act of 1833.    He denied that they were estopped from proving the default of the justice, by lying by until after verdict.

The opinion of the court was delivered by KENNEDY, J.

This suit was originally commenced by Jacob S. Seibert, the plaintiff, against the defendant Jacob Kline, Esq., before Peter Wolmsdorf, a justice of the peace, in which the plaintiff recovered a judgment against the defendant for thirty-four dollars and nine cents, debt, besides seven dollars and sixty-three cents, costs.    This judgment, as appears from the transcript given by the justice of the peace certifying the appeal, was given by the justice after two adjournments of the case

for trial, and upon a full hearing of the parties. It does not appear from the transcript returned by the justice, that the defendant admitted any thing to be due from him to the plaintiff, or that he offered to confess a judgment to the latter for any sum whatever. After the cause was brought into court by the appeal of the defendant, it was arbitrated under the compulsory arbitration law; and the arbitrators, after hearing the parties and investigating the matter in dispute, made a report and decision thereon, that the plaintiff had no cause of action, from which the plaintiff appealed after paying the costs which had accrued in the action. The cause was tried afterwards in court upon the plea of non-assumpsit, and a verdict given by the jury in favour of the plaintiff for thirty-two dollars and fifty-five cents damages, and six cents costs. The court thereupon, on the motion of the defendant's counsel, granted a rule to show cause why judgment should not be entered for the plaintiff upon the verdict without costs, and that the plaintiff pay the defendant's bill of costs in the same manner as if judgment had been rendered in court for the defendant. And on the same day, 28th of February, 1845, the counsel for plaintiff obtained a rule on the defendant to show cause why judgment should not be entered in favour of the plaintiff for the amount of the verdict, with full costs. The deposition of Joseph Kline, a brother of the defendant, I think it was said, was taken on his behalf under a rule of court granted for that purpose. He testified that he tendered the money to the plaintiff on the part of the defendant, thirty-two dollars and sixty-five cents, before he was sued before the justice; he tendered him relief notes for thirty-two dollars, and sixty-five cents in silver. Plaintiff said that was no money, that he would not take it, but said the amount was right; that witness then tendered plaintiff two ten-dollar notes of the Farmers' Bank of Reading, two five-dollar notes of the Pottsville Bank, and two dollars and sixty-five cents in silver, and asked the plaintiff if he would take that. He replied the money was good, and he would take it, but would not give a receipt in full for all demands, for he had some barrels to get. Defendant offered him the barrels; he took one, but refused the others. After that, the defendant was sued before the justice. On the trial of the suit before the justice, he was present as a witness; the defendant then again tendered the money to the justice and the plaintiff, one twenty-dollar note of the Farmers' Bank of Reading, and twelve dollars and sixty-five cents in silver; it was refused by the plaintiff. The defendant then offered to confess judgment to the plaintiff for that amount, but he claimed more, and went on to trial, and the justice gave judgment for a larger sum than thirty-two dollars and sixty-five cents. Upon the faith and virtue of this

deposition, the court rendered a judgment on the verdict without costs since the appeal from the justice, and ordered that the plaintiff should pay the defendant's bill of costs, which had accrued since the appeal from the judgment of the justice. The plaintiff complains that the court erred in rendering the judgment in the manner they did, and in not making the rule absolute, which he obtained on the defendant to show cause why the judgment should not be entered against the latter in favour of the former on the verdict with full costs. It cannot be pretended that the court were warranted in giving the judgment they did on the ground of a tender, for that may be matter which could only be tried, if contested, by a jury, and the defendant if he meant to rely on it, in order to avoid being subjected to the payment of the costs of a subsequent suit, ought to have pleaded it first before the justice, having the money there, and at the same time offering to pay it to the plaintiff, and again to have brought it into court on his appeal upon putting in the plea of a tender of the money before commencing the suit, which, if denied by the plaintiff, could only be tried by a jury. I do not understand, however, that the court gave their judgment on the ground of a tender of the money having been made, as mentioned by the witness in his deposition; but upon the ground that the defendant, as the witness testified, offered, on the trial before the justice, to confess judgment in favour of the plaintiff for thirty-two dollars and sixty-five cents, being ten cents more than the sum for which the jury gave their verdict on the trial of the appeal in court. Whether the court below were right in giving the judgment they did on this latter ground, must depend upon a fair and correct construction of the first section of the act of Assembly of the 9th of April, 1833, Pamph. Laws, 480. By this section it is enacted, that " costs on appeals thereafter entered from the judgments of justices of the peace and aldermen, shall abide the event of the suit, and be paid by the unsuccessful party as in other cases; provided that if the plaintiff be the appellant, he shall pay all costs which may accrue on the appeal, if in the event of the suit he shall not recover a greater sum, or a more favourable judgment than was rendered by the justice; and provided also, that if the defendant, either on the trial of the cause before the justice or referees, or before an appeal is taken, shall offer to give the plaintiff a judgment for the amount which the defendant shall admit to be due, which offer it shall be the duty of the justice and of the referees to enter on the record; and if the said plaintiff, or his agent, shall not accept such offer, then and in that case, if the defendant shall appeal, the plaintiff shall pay all the costs which shall accrue on the appeal, if he shall not, in the

event of the suit, recover a greater amount than that for which the defendant offered to give a judgment; and in both cases the defendant's bill shall be taxed and paid by the plaintiff in the same manner as if judgment had been rendered in the court for the defendant." Now, it is perfectly clear from the enacting part of the section, without looking to the second proviso thereof, that the plaintiff was entitled to judgment on the verdict for the recovery of the sum therein mentioned, with full costs. But the question presents itself here, does this case come within the provision of the second proviso? To exempt the defendant from the payment of costs, and to entitle him to recover them from the plaintiff, according to the terms of this proviso, where the plaintiff is the successful party, it is necessary that the defendant in this case, as the plaintiff was successful, should, either on the trial of the cause before the justice, or before the appeal was taken, have offered to give the plaintiff a judgment for a sum equal to or greater than that which the plaintiff has recovered in the event of his suit; but this is not all, for it is also thereby made the duty expressly of the justice to enter such offer on the record. No entry thereof, however, appears to have been made on the record as returned by the justice certifying the appeal; so that if the court below were bound by the act to determine, from an inspection of the record, whether such offer was made or not by the defendant, it is clear that the court erred in determining it from the deposition of Joseph Kline. No one can doubt that in such case it is much more safe to rely on record evidence for settling such questions, than to rely on parol evidence. Indeed, it is almost impossible to avoid coming to the conclusion that the legislature made it the duty of the justice or the referees, as the case might happen to be tried before the one or the other, to make an entry of the offer of the defendant on the record of the case, for the very purpose of having record evidence of its having been made, and of precluding all inferior evidence, such as parol. It is in truth the only rational motive that can be assigned for their requiring it to be made a matter of record, so that the court might be informed, by an inspection of the record, how it was, and have it in their power to decide the question without looking further. If it were a question that ought to be decided by parol evidence, when record evidence is not to be had, it would be more according to the rule of law, as well as general practice, that it should be settled by a jury. But one jury trial ought to settle all the questions of fact in the same case, otherwise the final determination of suits might become interminable. In Boylan v. Hays, 7 Watts, 509, it was held that a justice of the peace could not amend, from his

recollection merely, his transcript given on appeal taken from his judgment, though it was imperfect and insufficient to sustain the appeal. Upon the same principle, a certificate from the justice in the present case, stating, from his recollection merely, that an offer was made before him by the defendant to confess judgment to the plaintiff for a particular sum, who refused to accept it, would not be received and acted on by the court; yet it appears to me that the recollection of the justice before whom the cause was tried, might be trusted with more safety than that of a by-stander. And in Coffman *v.* Hampton, 2 Watts & Serg. 377, 378, the docket of the justice was held the best evidence of what transpired before the justice, and parol evidence to vary or contradict it, ruled to be inadmissible. The case of Klingensmith-*v.* Nole, 3 Penna. Rep. 319, was cited and relied on by the defendant; but it is unlike the present. There parol evidence was held admissible to prove that the defendant before the justice set up a claim of set-off, as also the amount of it, so as to show from the amount thereof, that he was entitled to an appeal from the judgment of the justice. It was held admissible, because the act of Assembly did not require the justice to enter the defendant's claim, or the amount of it, on his docket. So that to deprive him of the privilege of proving by parol evidence, would have not only deprived him of a constitutional right to have his claims tried by a jury, but also of all redress, for he could have none against the justice for not entering his claim, when he was not required by the act of Assembly to do so. In the present case it is altogether different, because if the defendant made such offer to confess judgment, as he now pretends he did, it was the duty of the justice most clearly to have entered such offer on his docket, and for such neglect he would be responsible to the defendant for any loss or injury which he might sustain by reason of it. The judgment of the court below is therefore reversed, and judgment rendered for the amount of the verdict with full costs in favour of the plaintiff.