## Driesbach et. al. *versus* Morris et al.

1. The Act of April 9th 1833 provides that if a defendant in an action before a justice of the peace shall tender, either on the trial of the case or before an appeal, a judgment, and if the plaintiff refuses such tender and shall ultimately recover an amount no greater than the tender, then the defendant's costs shall be taxed against the verdict. *Held*, that it is necessary that the plaintiff shall have notice of the tender in order to be affected thereby.

2. Per MERCUR, J.—" We think a correct interpretation of the statute requires the record also to show notice to the plaintiff or his agent of the offer to confess judgment, before the plaintiff can be affected by it.

March 11th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Luzerne county:* Of January Term 1880, No. 172.

This was an action by Driesbach & Co. against Morris & Walsh, before an alderman of the city of Wilkesbarre. On the 1st of February 1876, judgment was entered against defendants for

$89.25. On the 12th of February 1876, the justice made the following entry on his docket: "Defendants tender a judgment of $80.00." On the 14th of February 1876, defendants appealed. The case was tried before a jury, and verdict rendered for plaintiffs for $81.12. After verdict, counsel for defendants obtained a rule to show cause why defendants' bill of costs shall not be set off against plaintiffs' verdict, under the Act of April 9th 1833, Pamph. L. 480, which provides as follows:

"The costs on appeals hereafter entered from the judgments of the justices of the peace and aldermen shall abide the event of the suit, and be paid by the unsuccessful party, as in other cases: Provided, that if the plaintiff be the appellant, he shall pay all costs which may accrue on the appeal, if, in the event of the suit, he shall not recover a greater sum or a more favorable judgment than was rendered by the justice: And provided also, that if the defendant, either on the trial of the cause before the justice or the referee, or before an appeal is taken, shall offer to give the plaintiff a judgment for the amount which the defendant shall admit to be due (which offer it shall be the duty of the justice and of the referee to enter on the record), and if the said plaintiff, or his agent, shall not accept such offer, then and in that case, if the defendant shall appeal, the plaintiff shall pay all the costs which shall accrue on the appeal, if he shall not, in the event of the suit, recover a greater amount than that for which the defendant offered to give a judgment; and in both cases the defendant's bill shall be taxed and paid by the plaintiff, in the same manner as if a judgment had been rendered in court for the defendant."

Depositions were taken under this rule. Driesbach testified that no tender had been made to either him or his partner, and he had no knowledge that the tender had been made before the alderman. The latter testified that there was no one present but Morris and himself when Morris stated he wanted to make a tender and to have the alderman enter it on the docket; that he had never notified defendants that a tender had been made.

Morris testified that he had tendered judgment of $80 and costs, and had the alderman so record it on the docket; that on the same day he had ridden with Driesbach in a street-car, and had told him that the alderman had given judgment for the amount of his claim, and that he had tendered judgment and costs for $80, and was ready to pay that amount to him, and would pay no more, and that Driesbach had said he would not take it.

The court made the rule absolute, when the defendants took this writ.

*E. S. Osborne*, for plaintiffs in error.—The judgment must be tendered to plaintiff or his agent, and he must have an opportunity to accept. Here neither of these provisions of the law had been

[Driesbach v. Morris.]

complied with. The defendants never know until at the trial that the tender had been made.

*D. S. Bennet* and *E. P. & J. V. Darling*, for defendants in error.—The act is silent as to notice. It is sufficient if the party actually had it: Magill *v.* Tomer, 6 Watts 494.

But even if the court did not err in allowing testimony as to the record, yet, having gone behind the judgment and examined into the question whether or not the plaintiffs had proper notice of the tender, its decision was one of *fact*, and will not be reviewed here: Barnet *v.* Ihrie, 1 Rawle 44.

Mr. Justice MERCUR delivered the opinion of the court May 3d 1880.

This contention is whether the plaintiffs are entitled to full costs. It arises under the Act of 9th April 1833. So much of the second proviso as is applicable to this case declares if the defendant either on the trial of the cause before the justice or before an appeal is taken, shall offer to give the plaintiff a judgment for the amount which the defendant shall admit to be due, which offer it shall be the duty of the justice to enter on the record, and if the plaintiff or his agent shall not accept such offer, then and in that case if the defendant shall appeal, the plaintiff shall pay all the costs which shall accrue on the appeal, if he shall not, in the event of the suit, recover a greater amount than that for which the defendant offered to give a judgment; and in both cases the defendant's bill shall be taxed and paid by the plaintiff, in the same manner as if a judgment had been rendered in court for the defendant.

The offer to confess judgment must be shown by the record. It is the only evidence of the offer: McDowell *v.* Glass, 4 Watts 389; Seibert *v.* Kline, 1 Barr 38 ; Gardner *v.* Davis, 3 Harris 41.

In the present case, the record shows the judgment was recovered before the justice on the first day of February 1876, the offer to confess judgment was made on the 12th, and on the 14th the defendants appealed. The record fails to show that the plaintiffs had any notice of this offer. The act does not declare by whom the notice shall be given, whether by the defendant or by the justice; but it clearly requires that the plaintiff shall be notified in order to affect him by the offer. He must necessarily be notified before he can be prejudiced by not accepting. The record does not show the plaintiffs to have been present when the offer was made on the 12th. The justice swears he was not. That evidence is uncontradicted. The defendant swears he made the offer on the day the judgment was rendered, and afterwards on the same day notified the plaintiffs. This the plaintiffs denied under oath. As the record shows, the offer of judgment was not made until the 12th, any notice given on the first could have no effect. The record

[Driesbach *v*. Morris.]

cannot be impeached except for fraud, and that is neither shown nor alleged.

We think a correct interpretation of the statute requires the record also to show notice to the plaintiff or his agent of the offer to confess judgment before the plaintiff can be affected by it. This is the only rule which will give a proper effect to the whole record and harmonize with public policy. If no response be made within a reasonable time after notice, it may well be construed as not accepting. There should be no enlargement of the rule to supply by uncertain parol evidence what the record should show : Foss *v*. Bogan, 11 Norris 296. The learned judge therefore erred in making absolute the rule to show cause why the defendant's bill of costs, since the appeal should not be set off against the plaintiffs' verdict. The plaintiffs are entitled to full costs.

Judgment reversed and rule discharged.