## Edwin Griffin, Appellant, v. Bernard Davis.

*Execution must follow judgment and be warranted by the record.*
A writ in execution must follow the judgment and be warranted by it.

*Practice, C. P.—Proceedings under act of 1810—Record of justice.*
Where the transcript from the justice discloses only an action in assumpsit and judgment thereon, such record does not disclose such a proceeding and judgment under the Act of March 20, 1810, 5 Sm. L. 161, as will sustain a writ of ca. sa.; the record if not perfect must at least purport to be a proceeding to enforce a liability in the mode there prescribed.

Argued Jan. 13, 1898. Appeal, No. 2, Jan. T., 1898, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1896, No. 901, quashing writ of ca. sa. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to quash writ of ca. sa. Before GUNSTER, J.

The transcript disclosed: "Summons in assumpsit issued. September 20, 1895. Returned September 24, 1895. Served

482 GRIFFIN *v.* DAVIS. :

Statement of Facts—Opinion of Court below. [6 Pa. Superior Ct.

on defendant by producing to him the original summons and informing him of the contents thereof. October 3, 1895, plaintiff appeared and the defendant did not appear. Plaintiff sworn and testified that alderman Horan gave the execution to the defendant, B. Davis, constable, and that he refused to serve it and gave it to him (the plaintiff) and he then gave it to constable Cole at the request of the defendant. W. N. Cole sworn and testified to the same, as the plaintiff did. At 3:15 o'clock judgment was publicly given in favor of the plaintiff and against the defendant, for the sum of $10.00, together with interest from June 15, 1894, and cost of suit.

" This action is brought for the alleged neglect of the defendant in the discharge of his duties as a public officer, in the case of Edward Griffin v. P. Dempsey.

" Now, April 9, 1896, execution issued in the above case and given to constable W. N. Cole, of the Third ward, Scranton.

" And now, May 16, 1896, constable Cole returns above execution nulla bona.

" Now, July 8, 1896, an alias execution issued and given to any constable of Lackawanna county, Pa.

" Now, July 31, 1896, above alias execution returned 'not served.' "

The above transcript filed in C. P. Lackawanna county, as No. 901, September term, 1896, whereupon plaintiff issued a writ of capias ad satisfaciendum, August 12, 1896.

September 14, 1896, a rule was entered on application of defendant to show cause why the writ of capias ad satisfaciendum should not be quashed. Returnable sec. reg. proceedings on said capias stayed meantime, with leave to sheriff to proceed on the writ of fi. fa.

On November 9, 1896, the court below made absolute the rule to show cause why the ca. sa. should not be quashed in the following opinion by GUNSTER, J.

From the very nature of the case the summons contemplated by this act is not like the ordinary summons in actions of assumpsit or trespass, but is in the nature of a scire facias, a summons not to answer to a certain plea, but a summons to show cause. It is so considered in our books on practice : 1 McKinney's Justice (4th ed.), 759 ; Binns's Justice (8th ed.),

266. The summons in the present case was not a summons to show cause, but a summons in assumpsit, and whatever may have been the intention of the plaintiff and the alderman, the record does not disclose a proceeding and judgment under the act of 1810. It does not even show that the action was for the amount of an execution placed in the defendant's hands as constable, and much less does it show a judgment in a proceeding against him, commanding him to show cause why an execution should not issue against him for the amount of another execution previously delivered to him. The rule is made absolute.

*Error assigned* among others was making absolute the rule to show cause why the ca. sa. should not be quashed.

*James Mahon*, for appellant.

*A. A. Vosburg* of *Vosburg & Dawson*, for appellee.

Per Curiam, February 19, 1898:

When the rule to quash the ca. sa. came up for disposition all that the court had before it from which to determine the nature of the judgment was the transcript from the docket of the justice of the peace. This showed a judgment in an action apparently begun by a summons in assumpsit, and failed to show with any degree of certainty that the proceeding was intended to enforce a statutory liability in the mode prescribed in the 12th section of the act of 1810. This being the condition of the record, the court properly held that there was no warrant of law for issuing a ca. sa. upon the judgment and quashed the writ. All that need be said in vindication of that ruling is contained in the opinion rendered by the learned judge of the court below.

Nor was the case brought within the provisions of the Act of March 29, 1824, P. L. 171, by proof subsequently furnished by affidavit or depositions that the writ actually issued by the justice was not a summons in assumpsit, as the record seemed to show, but a summons in the nature of a scire facias in the form prescribed by the act of 1810. To entitle the plaintiff to a ca. sa. under the provisions of the act of 1824 he must show a record in substantial conformity to the provisions of the 12th sec-

tion of the act of 1810, otherwise he must be content with the ordinary process to enforce the judgment. We do not say he must show a perfect record—one that could not be successfully assailed on certiorari—but it must at least purport to be a proceeding to enforce a liability in the mode there prescribed. The defendant is entitled to have the question of the plaintiff's right to issue a ca. sa. determined by the record as it was made up by the justice, for possibly he might have seen fit to appeal if it had been made up differently. But we need not seek for reasons to support the well-settled general rule that the execution must follow the judgment and be warranted by it. The writ issued by the justice was no part of the record of the common pleas. The question was to be determined by an inspection of the transcript, which could not be supplemented or changed, for the purposes of this motion, by parol evidence of the proceedings before the justice, any more than it can be for the purpose of depriving a party of an appeal. See Dawson v. Condy, 7 S. & R. 366; D. & H. Co. v. Loftus, 71 Pa. 418; Foss v. Bogan, 92 Pa. 296; Driesbach v. Morris, 94 Pa. 23.

All the assignments are overruled.

Order affirmed and appeal dismissed at the cost of the appellant.