# Bushey v. Lerew.

In a certiorari it is not the Justice or the case that is tried but the sufficiency of the record to sustain the judgment.

A Justice may amend or add to his record to make it conform to the truth while it remains within his own control, but when his proceedings are removed to the Court of Common Pleas on certiorari, his judgment should and must stand or fall by virtue of the record then returned by him.

Where a diminution of the record is suggested, that is where it is alleged the Justice has not returned all his record, the Court may require him to complete it. But after the return of the proceedings nearly three months after the day of hearing and on the day fixed for the argument of the certiorari, he cannot be allowed to add to his record from his recollection of facts to meet the varying fortunes of the parties 'in the contest before the Court.

TRANSCRIPT—DIMINUTION OF RECORD—CORRECTED RETURN.

Certiorari to a Justice of the Peace.

C. P. of Adams county.

C. S. Duncan, Esq., Attorney for Plaintiff.

W. C. Sheely, Esq., Attorney for Defendant.

Opinion by McC SWOPE, Dec. 26, 1902.

Statement of facts.

The certiorari in this case was issued at the instance of the defendant, August 1st, 1902, and on the 12th of the same month the Justice returned the following record of the proceedings had before him:

"July 18th, 1902, summons issued, John A. Cleaver, Constable, returnable Thursday, July 24th, between the hours of 8 and 9 o'clock a. m. served on defendant by informing him of its contents and giving a true copy of same, on oath. Plaintiff appears July 24th, debt $18.02 for costs of material and for labor in building half a line fence between lands of plaintiff and defendant, the plaintiff having first notified the defendant to build his share" of said fence.

"On defendant refusing to build said fence plaintiff notifies the Township Auditors according to law to view said line. Auditors order the defendant to build his part of said fence,

Bushey v. Lerew.

after ten days' time. The defendant having failed to build said fence, plaintiff builds same.

"Defendant not appearing, judgment by default and in favor of plaintiff for eighteen dollars and two cents and costs of suit."

The Justice certifies "That the above is a correct copy of my docket entry of the above suit."

August 18th, 1902, the defendant filed the following assignments of error:

1st. The Justice's transcript fails to show when service was made upon the defendant, or whether service was made at least four days before the time of hearing as required by the Act of March 20th, 1810.

2d. The Justice's transcript fails to show any valid cause of action on the part of the plaintiff against the defendant under the Act of March 11th, 1842, regulating fence views.

3d. The Justice's transcript shows that the Justice entered this judgment without hearing any evidence on the part of the plaintiff.

4th. The Justice's transcript fails to show at what hour the plaintiff appeared and when judgment was entered.

This certiorari was regularly put down on the argument list for argument October 20th, 1902, when the plaintiff below by his attorney suggested a diminution of the record and moved the Court for permission to file a corrected transcript of the Justice.

This motion was in writing and accompanied with a return of the Justice of the proceedings before him, which return shows when service was made on the defendant, gives an enlarged statement of the plaintiff's cause of action, the time of his appearance, the date of the entry of judgment and concludes as follows: "July 24, 1902, having heard the plaintiff, his proofs and allegations and the defendant having failed to appear, judgment publicly is entered in favor of the plaintiff and against the defendant at 9 o'clock a. m. in the sum of $18.02 and costs of suit for want of an appearance." To this return the Justice

affirms "The above is a corrected transcript of the proceedings had before me in the above case."

The presiding Judge was not present in Court October 20th, 1902, and the argument of the certiorari and consideration of the motion was continued to December 1st, 1902.

It is admitted that the return of the Justice in answer to the certiorari is fatally defective, in failing to show that evidence was heard in support of the plaintiff's claim.

If this corrected return is allowed to be made, and the judgment of the Justice on this certiorari is to be tested by it, the exceptions filed by the defendant to the record returned by the Justice in answer to the certiorari will be abortive, and his opportunity for appeal is gone.

To the original return the Justice certifies the above as a correct copy of his docket.

To the corrected return he affirms the above is a corrected transcript of the proceedings had before him. It will be noticed, therefore, that the corrected return does not pretend to be an amendment or correction of his return as a copy of his docket, but a certificate of fact within the Justice's recollection and not entered by him in his minutes.

Can this change or alteration of the record be allowed under these circumstances?

We have been referred to a few cases which would seem to permit it, but reason and the weight of authority, we think, are against its allowance.

In a certiorari it is not the Justice or the case that is tried, but the sufficiency of the record to sustain the judgment.

A Justice may amend or add to his record to make it conform to the truth while it remains within his own control. Kearney v. Pennock, 16 P. C. C. 37. But when his proceedings are removed to the Court of Common Pleas on certiorari, his judgment should and must stand or fall by virtue of the record then returned by him. Stambaugh v. Baker, 10 Dist. Rep. 79; Burgan v. Borough, 7 Kulp, 56.

Bushey v. Lerew.

Where a diminution of the record is suggested, that is where it is alleged the Justice has not returned all his record, the Court may require him to complete it. But after the return of his pro-ceedings, and particularly as in this case, nearly three months after the day of hearing and on the day fixed for the argument of the certiorari, he cannot be allowed to add to his record from his recollection of facts, to meet the varying fortunes of the parties in the contest before the Court. As remarked by our Supreme Court in a per curiam opinion in Boylan v. Hays, 7 Watts 509, this would not only be against all rule but exceedingly dangerous.

Under the circumstances of this case we refuse the motion to correct the return. We also sustain the third exception and set aside and reverse the proceedings before the Justice.

Reported by John B. & Donald P. McPherson,

Gettysburg, Pa.