## Malatesta v. Alberti Sales & Service

*Joseph W. deFuria,* for plaintiff.
*Harry D. Wescott,* for defendant.

ERVIN, J., October 5, 1942.—Plaintiff recovered a judgment against defendant before an alderman of the

City of Chester in the sum of $47.50. Defendant appealed and, after several procedural steps which are unimportant to this opinion, the case was tried before a jury which rendered a verdict in favor of plaintiff in the sum of $29.95. Defendant sent a check for this amount to plaintiff's attorney, who refused to accept it because it did not include costs, and demanded a check in the sum of $58.70, which defendant subsequently sent to him. Defendant's attorney, being informed of this, advised his client that plaintiff was not entitled to costs and thereupon defendant filed a petition directed to plaintiff's attorney to show cause why he should not reimburse, return, and pay back to defendant the sum of $25.70. This rule was returnable August 14, 1942. No answer having been filed, on August 18, 1942, the court made said rule absolute. Thereupon plaintiff's attorney filed a petition to show cause why the order of August 14th should not be stricken from the record. It is this matter which is before the court at the present time.

The court made no independent research of the liability of defendant for costs at the time defendant's petition was presented, relying on the fact that plaintiff's attorney had filed no answer thereto and assuming that he would have done so had defendant been incorrect in his proposition. However, as a result of the present petition we have gone into the history of costs thoroughly and have come to the conclusion that plaintiff was entitled to the costs which he claimed. The Act of March 20, 1810, P. L. 208, set up the complete procedure for suits before justices, aldermen, etc., and their subsequent appeal to the common pleas. Section 4 of that act is quite long and is allotted three different section numbers in Purdon's Statutes. The particular portion of this section dealing with costs on appeal is found in 42 PS §916, which provides, inter alia, as follows:

". . . the party appellant shall be bound with surety in the nature of special bail . . . if the plaintiff, in a sum sufficient to cover all the costs which have or may accrue . . . which the appellant shall be bound to pay, if the judgment of the justice shall be affirmed by the court, or if he shall recover less than the amount of the judgment of the justice; if the defendant be the appellant, he shall be bound with surety, as aforesaid, in a sum sufficient to cover the sum in controversy, all the costs . . . which he shall be bound to pay, if the judgment of the justice shall be affirmed by the court, or if the plaintiff shall recover more than the amount of the judgment of the justice; but on the reversal or abatement of the amount of a judgment on an appeal, the defendant, if the appellant, shall be allowed his . . . costs, only in case he produces no evidence before the court other than that which he exhibited before the justice. . . ."

This section was construed in the case of Kimble v. Saunders, 10 S. & R. 193 (1823). In that case the justice gave plaintiff a judgment for $17.20 and defendant appealed. Plaintiff entered a rule of arbitration and the arbitrators awarded plaintiff $8.65. Defendant argued that plaintiff was not entitled to his costs because he had recovered less than the amount of the judgment before the justice. In a per curiam opinion the Supreme Court said (p. 194):

"It appears by the record, that the defendant produced evidence in the Common Pleas, which was not given before the justice. Therefore he was not entitled to costs. But inasmuch as the defendant in some measure succeeded in his appeal, by reducing the sum which the plaintiff recovered before the justice, it is the opinion of the court, that the plaintiff was not entitled to the costs on the appeal, though he had a right to costs while the action was depending before the justice. The act on which this case depends, (20th *March*, 1810,) does not expressly provide for it, but the construction

which we have given to the act appears most reasonable, and most equitable. The plaintiff recovers costs before the justice, and each party pays his own costs on the appeal. The judgment therefore is to be reversed so far as respects the costs awarded to the plaintiff on the appeal, and affirmed for the residue."

Section 9 of the Act of March 28, 1820, P. L. 156, provided:

"That so much of the fourth section of the act to which this is a supplement [the Act of March 20, 1810, supra], as relates to the payment of costs on an appeal, shall be, and is hereby repealed, and whenever the plaintiff shall appeal from the judgment of any alderman or justice of the peace, and shall not recover a sum greater than the judgment rendered by such alderman or justice of the peace, such plaintiff shall pay the costs of suit and in all other cases the costs shall be paid according to the final judgment awarded respectively in such case."

However, section 4 of the Act of April 1, 1823, P. L. 288, provided:

"That the ninth section of the act of the twenty-eighth of March, one thousand eight hundred and twenty, entitled . . . be and the same is hereby repealed."

It was held in the case of Grace v. Altemus, 15 S. & R. 133 (1827), that the repeal of the Act of 1820 resulted in the reinstatement of the Act of 1810 and that the plaintiff was entitled to his costs before the justice and that each party must pay his own costs on appeal.

This was the state of the law when the Act of April 9, 1833, P. L. 480, 42 PS §922, was passed, and this act appears to be the present law on the subject. It provided:

". . . the costs on appeals hereafter entered, from the judgments of justices of the peace and aldermen, shall abide the event of the suit, and be paid by the un-

successful party as in other cases: Provided, That if the plaintiff be the appellant, he shall pay all costs which may accrue on the appeal, if in the event of the suit he shall not recover a greater sum, or a more favorable judgment than was rendered by the justice: And provided also, That if the defendant, either on the trial of the cause before the justice or referees, or before an appeal is taken, shall offer to give the plaintiff a judgment for the amount which the defendant shall admit to be due, which offer it shall be the duty of the justice and of the referees to enter on the record, and if the said plaintiff, or his agent, shall not accept such offer, then and in that case, if the defendant shall appeal, the plaintiff shall pay all the costs which shall accrue on the appeal, if he shall not in the event of the suit recover a greater amount than that for which the defendant offered to give a judgment, and in both cases the defendant's bill shall be taxed and paid by the plaintiff, in the same manner as if a judgment had been rendered in court for the defendant."

Section 2 of that act provided: "That so much of any act of Assembly as is altered or supplied by this act, shall be and the same is hereby repealed."

It is our opinion that this act repealed the portion of the Act of 1810 which related to the costs on appeal. No case that we can find has definitely held so, but we have examined all the cases in which the Act of 1810 has been cited by the appellate courts since 1833 and find that they all relate to other portions of that act, except the case of Newhouse v. Kelly, 5 Watts 508 (1836), which made no reference to the Act of 1833 and based its decision on section 4 of the Act of 1810. However, there have been many cases where the facts are identical with the facts in our case which have been decided under the Act of 1833. The present contention of defendant was answered by Rogers, J., in Lindsey v. Corah, 7 Watts 235 (1838), as follows:

"The defendant appealed from the judgment of a justice of the peace, for 7 dollars 11 cents. The cause in court was referred, and there was an award 'for the plaintiff for 28 dollars 16 cents. From this the defendant again appealed, and on the trial, the plaintiff recovered 4 dollars 40 cents. This case depends on the construction of the first section of the act of the 9th of April 1833. By that act, the costs or [on] appeals from the judgment of justices and aldermen are made to abide the event of the suit, without regard to the amount recovered, or whether the verdict of the jury may or may not be as or more favourable to the appellant. The defendant contends that the plaintiff can recover no costs, since the appeal from the award, because he has succeeded in his appeal; and for this relies on cases which are alone applicable when the suit was originally brought in the court of common pleas. The costs are to be paid by the unsuccessful party, as in other cases, but before it is said they shall abide the event of the suit. By the use of the words as in other cases, it is contended that the costs shall be paid as if the suit had been brought in the common pleas. But this cannot be the proper construction; for if this had been the intention, it would have been easy to say so; and, besides, this nullifies the preceding awards, which declare that the costs shall abide the event of the suit. These words apply to the unsuccessful party, who is directed to pay them, as in other cases. It is said to be unjust that the defendant who has appealed to rid himself of an unjust award should, nevertheless, be mulcted in costs. But be this as it may, we have nothing to do with the supposed hardship of the case, as costs are the creature of the statute, and depend upon positive enactment. Besides, the defendant is himself in fault, as he was indebted, as the event shows, to an amount which he neither paid nor offered to pay. And further, he has no right to complain, because the act provides a means of protection from the consequence. For if

the defendant, either on the trial or before the justice or referees, or before an appeal is taken, offer to give the plaintiff a judgment for the amount which he shall admit to be due, &c., and the plaintiff refuse to accept said offer, then, if the defendant appeal, the plaintiff shall pay all costs which accrue on the appeal, if he shall not, in the event of the suit, recover a greater amount than that for which the defendant offered to give a judgment, &c. The legislature have clearly indicated that they intended, by the event of the suit, the final determination of the cause; and that that alone should decide the question of costs, unless in those cases where the party brings himself within the exceptions."

In Shuey v. Bitner, 3 W. & S. 274, the court refers to both the Act of 1810 and the Act of 1833 and holds that "The costs are made to abide the event of the suit without regard to the amount recovered, or whether the judgment may or may not be more favourable to the party entering the appeal." (p. 275).

An examination of the Act of 1833 makes it clear that the costs on appeals shall abide the event of the suit and be paid by the unsuccessful party in all cases with but two exceptions: First, if plaintiff be the appellant and he shall not recover a greater sum or a more favorable judgment than was rendered by the justice (this was not our case because here defendant was the appellant) ; and, second, where defendant is the appellant and has offered to give plaintiff a judgment for the amount which defendant admitted to be due, which offer was refused by plaintiff. This latter situation is not our case because defendant did not offer to give plaintiff a judgment. Defendant contends that he substantially complied with this requirement by agreeing, at the time the case was heard before the alderman, to install a radio in plaintiff's automobile. We cannot agree with this contention. It was held in Seibert v. Kline, 1 Pa. 38, and in Clemens v. Gilbert, 12

Pa. 255, that the docket of the justice of the peace is the only proper evidence of the tender. The docket entry in the present case is: "That the defendant now agrees to install the radio in the plaintiff's automobile."

It was held in M'Dowell v. Glass, 4 Watts 389, that a tender before the justice of a sum equal to the debt sued for is not equivalent to a tender of a judgment. The court said:

"Granting that the tender of money, being equally beneficial as a judgment for it, is within the equity of the act, yet at least as much must be tendered as is due at the time as debt or costs. But here no more was tendered than a sum strictly equal to the debt; and the plaintiff was not bound to receive it. A judgment would have relieved him from the costs incurred, and would have been preferable. It is the specific tender pointed out by the law, and is not to be dispensed with, if at all, for anything less favorable."

This case was followed by Dickerson v. Anderson, 4 Wharton 78, where it was held that even a tender of the debt and costs in cash was not the equivalent of the tender of a judgment. It was there said (p. 79):

"There may be many reasons why a plaintiff would desire a judgment, and not a tender of the money. Why did not the defendant offer to give the judgment provided by the act? . . . They probably contemplated some advantage to the defendant by not offering the judgment; and they must be content not to have the advantage the law provided for them if they had done so."

It follows that, if the offer of cash equivalent to the debt and costs is not a compliance with the act, the offer to install the radio in plaintiff's automobile does not comply with it. Therefore, plaintiff's rule to show cause why the order of August 14th should not be stricken from the record must be made absolute.